Ruffin, C. J.
 

 There is error in the instruction uposa the Statute of limitations. The action is in the-name of husband and wife in he? right, and would survive to her. There was no adverse possession until after the death of the tenant for life, and, consequently, it commenced during the coverture, which still exists. By the express words in the saving in the 4th section of the Statute of limitations, tbé feme plaintiff would have three years after being discovert to bring this suit in her own name, because she was under coverture, when the cause of action arose. Of course, she-is at liberty to bring suit at any time within that period,, though, if it be brought during the coverture, her husband! and she must join by reason of her want of capacity to sue alone. It is probable, indeed, that the action would not lie in the name of the husband and wife, for the reason that the right vested in the husband upon the death of Mrs. Sexton, as no adverse possession at that time appears. But that point is not raised, and therefore it may be that the facts are not stated respecting iu Consequently, the Coart cannot
 
 *151
 
 act on it; and as there was error in the instruction, as given the judgment must be reversed.
 

 Per Curiam. Judgment reversed, and
 
 -venire de
 
 novo..